IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00532-MSK-CBS

Robert Allen Little, Jr.
     Petitioner,
v.

Ron Wiley, Warden USP,[1]
     Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed March 22, 2005 [doc. # 3]). Pursuant to the May 23, 2005 Order of Reference, this case was referred to the Magistrate Judge to "issue a Report and Recommendation as to the merits of the Petition for writ of *habeas corpus*." The court has reviewed the Petition, Respondent's Answer (filed June 30, 2005 [doc. # 14]), Little's Reply (filed July 15, 2005 [doc. # 17]), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.    Exhaustion

As a preliminary matter, Respondent concedes that Little has exhausted his

---

[1] H.A. Rios, Jr. became the current warden of USP Florence as of May 2005.

1

administrative remedies.

II.     Statement of the Case

Little is currently incarcerated at USP-Florence in Florence, Colorado. On May 13, 1994, Little was sentenced to the State of California Youth Authority for a term of 8 years and 4 months. **(See Declaration of Jon D. Loftness ¶ 4)**. Little was in the custody of the California Youth Authority (CYA) from June 29, 1994, until November 8, 1995. *Id.* **at ¶ 4; Sentence Monitoring Computation Data**. On November 8, 1995 Little was placed in the temporary custody of the United States Marshal Service ("USMS") because federal charges were initiated against him in the United States District Court for the District of Utah, Case Number 95-CR-149. *Id.* **at ¶ 5**. On July 22, 1996, Little received a 12-year sentence for Malicious Destruction with Use of an Explosive and Civil Right Violations in violation of 18 U.S.C. § 844(i) and 42 U.S.C. § 3631(a). *Id.* **at ¶ 6**. He was then returned to the CYA on August 8, 1996. *Id.*

After Little served only two years and eight months of his juvenile, 8-year and 4 month sentence with the CYA, the CYA paroled Little on January 21, 1997 to the USMS to begin serving his federal sentence. *Id.* **at ¶ 7**. Even though Little was not taken into custody by the USMS until January 29, 1997, his sentence commenced on January 21, 1997. *Id.* **at ¶ 7**.

When Little was sentenced in federal court, he was serving his state juvenile sentence with the CYA. *Id.* **at ¶ 11**. Little asserts, through his petition, that because a

juvenile adjudication does not constitute a "sentence," he is entitled to credit his time served with the CYA towards his federal sentence according to **18 U.S.C. § 3585**. *(See* **Petitioner's Application pg. 2)**.

III.     Applicability of Prior Custody Credit

Jail time credit is governed by **18 U.S.C. § 3585(b)**, which provides:

(b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The decision whether to allow prior custody credit lies within the discretion of the Attorney General through the Bureau of Prisons ("BOP").  See **United States v. Edwards**, 960 F.2d 278, 281 (2d Cir. 1992) (under the clear language of Title 18 U.S.C. § 3568 [repealed in 1984 upon enactment of 18 U.S.C. § 3585], the decision whether to allow prior custody credit lies within the discretion of the Attorney General and the Bureau of Prisons), *overruled on other grounds*, 503 U.S. 329 (1992). Nevertheless, the district court may review the BOP's determination under 28 U.S.C. § 2241.  See **Bennett v. U.S. Parole Comm'n**, 83 F.3d 324, 327 (10th Cir. 1996) ("In the event of a dispute over the calculation or application of credits by the BOP, the district court has jurisdiction to review that determination if petitioner has exhausted

administrative remedies").

Little states that he is seeking credit for fourteen months and thirteen days. **(See Application pg. 2)**. Little alleges that he was taken out of the CYA by the USMS on November 8, 1995, and was held for nine months during trial and sentencing. (**Inmate Request dated 10-28-04**). Little claims he was returned to the CYA for 5 months and then released to the USMS to begin serving his federal sentence. *Id*. Little claims he was entitled to receive credit from November 8, 1995 to January 21, 1997, because he did not receive credit for that time against another sentence, as he was not serving another sentence at that time. *Id*.

According to the materials submitted by Respondent, Little was serving his state sentence with the CYA prior to his state parole date of November 8, 1995. **(Declaration of Jon D. Loftness ¶ 5)**. All of the time Little served while in the temporary custody of the USMS was credited toward the CYA sentence when he was released to USMS on January 21, 1997 to begin serving his federal sentence. *Id. at ¶ 11*.

Little is not entitled to credit on his federal sentence for time spent in federal custody where he received credit on his state sentence for that time. *McClain v. Bureau of Prisons*, 9 F.3d 503, 504 (6th Cir. 1993); See also *U.S. v. Wilson,* 503 U.S. 329, 337 (1992) (section 3585 made it clear that Congress did not intend a prisoner to receive double credit for his detention time); *Jefferson v. United States*, 389 F.2d 385 (2nd Cir. 1968) (petitioner was not entitled to credit on his federal sentence when

4

he already received the credit on his state sentence); **United States v. Love**, 555 F. Supp. 1041, 1043 (N.D. Ca. 1983) (defendant was not given credit on federal sentence where he had spent time in federal custody on a writ of *habeas corpus ad prosequendum* because he received state credit for that time period).

IV.     Applicant's Juvenile Adjudication According to 18 U.S.C. § 3585(b)

According to Little, the period of confinement by the CYA following his juvenile adjudication was not a "sentence" and therefore he is entitled to credit toward his federal sentence under 18 U.S.C. § 3585. **(See Application pg. 2)**. In support of his proposition that a juvenile adjudication is not a sentence, Little relies on 10th Circuit case law that addresses the Juvenile Delinquency Act. **(See Brief in Support of Motion for Writ of Habeas Corpus pg. 2)**. However, Little was not convicted under the Juvenile Delinquency Act. Further, Little argues that his CYA sentence be considered custody for one purpose (to count towards federal credit), but not for another purpose (to count as a state confinement resulting in impermissible double credit). **(See Respondent's Answer to Order to Show Cause, Responding to Petition Pursuant to 28 U.S.C. § 2241 pg. 13)**.

The Tenth Circuit recognizes the confinement of juveniles as a sentence. **United States v. Alberty**, 40 F.3d 1132 (10th Cir. 1994) (defendant's sentences in two juvenile adjudications ran concurrent to each other). *See also* **United States v. Austin A.,** 100 Fed. Appx. 805, 2004 WL 1260302 (10th Cir. 2004) (juvenile conviction

and sentence reversed);  *United States v. Miller*, 987 F.2d 1462, 1465 (10th Cir. 1993) (juvenile sentences, other than for status offenses, may be used to add points to a defendant's criminal history category); U.S.S.G. § 4A1.2(d)(2)(A) (permitting a two point increase for "each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense").

The court finds ample support that a juvenile adjudication is a "sentence" for purposes of 18 U.S.C. § 3585(b).  Based on the record before the court, the fourteen months and thirteen days that Little was in temporary custody of the USMS was properly credited toward Little's state sentence.  Little is not entitled to additional credit against his federal sentence for the time spent in the custody of the USMS prior to sentencing on his federal conviction.  Accordingly,

IT IS RECOMMENDED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (filed March 22, 2005 [doc. # 3]) be denied and that this civil action be dismissed with prejudice.

IV.   **Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  **28 U.S.C. § 636(b)(1); F**ED**. R. C**IV**. P. 72(b)**;  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. **28 U.S.C. § 636(b)(1)**. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. ***United States v. 2121 East 30th Street,*** 73 F.3d 1057,1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." ***2121 East 30th Street***, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. ***See Vega v. Suthers***, 195 F.3d 573, 579-80 (10th Cir. 1999); ***Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys. Inc.***, 52 F.3d 901, 904 (10th Cir. 1995); ***Ayala v. United States***, 980 F.2d 1342, 1352 (10th Cir. 1992).

DATED at Denver, Colorado, this   26th   day of July, 2005.


BY THE COURT:

   /s/   Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge