IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00532-MSK-CBS

ROBERT ALLEN LITTLE, JR.,

    Petitioner,

v.

WARDEN RON WILEY,

    Respondent.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND DENYING PETITION**
_____

    **THIS MATTER** comes before the Court pursuant to the Petitioner's Objections **(# 19)** to the Report and Recommendation **(# 18)** of United States Magistrate Judge Craig B. Shaffer that the Petitioner's Petition **(# 1)** for a writ of *habeas corpus* be denied. The Respondent filed no papers in response to the Petitioner's Objections.

    At the time of the Petition, the Petitioner was incarcerated in the United States Penitentiary in Florence, Colorado. The nature and length of the Petitioner's current sentence is not disclosed in the record. However, the Petitioner contends that he is entitled to a credit of 14 months and 13 days against his sentence resulting from a period of detention he served as a juvenile in California.

    According to the Petition, as of April 1993, the Petitioner was detained as a juvenile by the California Youth Authority on unspecified charges. On April 2, 1993, he was the subject of a

1

"dispositional hearing under Section 602 et seq. of the California Welfare and Institutions Code." He contends that he "did not receive any criminal conviction nor any criminal sentence as a result of this juvenile commitment." However, the exhibits attached by the Petitioner to his brief **(# 4)**, belie this contention. According to a January 3, 2005 letter to the Petitioner from the California Department of Youth Authority, the Petitioner was "committed as a juvenile, not sentenced as an adult, to the Department of the Youth Authority on May 13, 1994" for crimes of arson and escape, and was incarcerated with the Youth Authority from June 29, 1994 until November 9, 1995. According to the Petitioner, while in the Youth Authority's custody, he was indicted on various federal crimes,[1] and on November 8, 1995, he was released to the custody of the United States Marshal for trial. The Petitioner was convicted of the charges, and returned to the Youth Authority on August 8, 1996. He remained in the custody of the Youth Authority until January 21, 1997, at which point he was released to the custody of the United States Marshal to begin serving his present sentence.

The Petitioner contends that his time in the Youth Authority "was not credited against any other sentence as time spent [there] was for civil commitment after a juvenile adjudication. Juvenile commitments are not sentences." Accordingly, he contends that his time in the Youth Authority should be credited against his current sentence pursuant to 18 U.S.C. § 3585(b). That statute provides that "[a] defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– as a result of the offense for which the sentence was imposed; or as a result of any

---

[1] Violation of 18 U.S.C. § 844(i) (destruction using an explosive) and two counts of violation of 42 U.S.C. § 3631(a) (use of force to discriminatorily intimidate a person providing housing)

other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." (Internal paragraph structure omitted).  In response **(# 14)**, the Respondent contends that the final proviso of § 3585(b) prevents the Petitioner from obtaining relief – specifically, that the juvenile adjudication resulted in a "sentence" which his time in the Youth Authority was credited against.

On July 26, 2005, United States Magistrate Judge Craig B. Shaffer issued a Report and Recommendation **(# 18)** on the merits of the Petition.  Judge Shaffer found that the Petitioner was not entitled to credit for his time in the Youth Authority because that service was credited against another sentence – namely, the sentence on his juvenile conviction.  Judge Shaffer rejected the Petitioner's argument invoking the federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq., noting that the Petitioner's juvenile conviction was obtained under that Act.  Judge Shaffer found that the courts recognize that confinement of juveniles constitutes a sentence for purposes of § 3585.  *Citing U.S. v. Alberty*, 40 F.3d 1132 (10th Cir. 1994), and United States Sentencing Guideline § 4A1.2(d)(2)(A) (considering juvenile convictions as part of criminal history). Accordingly, the Magistrate Judge recommended that the petition be denied.

The Petitioner filed timely Objections **(# 19)**, arguing that: (i) the Magistrate Judge's characterization of the Youth Authority time as a "sentence" was incorrect, pointing to the letter from the Youth Authority that states "you were committed as a juvenile, not sentenced as an adult"; (ii) the Magistrate Judge overlooked a document attached by Petitioner from the "Juvenile Referee" that stated that the Petitioner was "committed" under the Welfare and Institutions Code, but does not use the term "sentenced"; (iii) that the Court should give particular weight to the Youth Authority's characterizations of events; (iv) that the cases cited by the Magistrate Judge

3

did not involve prisoners seeking credit for time incarcerated as a juvenile; (v) that the Magistrate Judge erred by discrediting the Petitioner's reliance on the Juvenile Delinquency Act while simultaneously citing to cases interpreting that act; (vi) that there is a distinction between a "juvenile commitment" and a "sentence"; and (vii) that the Magistrate Judge should not have relied upon the United States Sentencing Guidelines as evidence of the treatment of juvenile sentences, as the Sentencing Guidelines do not purport to interpret California's laws as to juvenile adjudication. Shortly thereafter, the Petitioner filed a "Supplement" **(# 20)** to his objections, citing certain California law governing juvenile adjudications. *Citing In Re Anthony R.*, 154 Cal.App.3d 772 (Cal. App. 1984); *Leroy T. v. Workmen's Compensation Appeals Bd.*, 525 P.2d 665 (Cal. 1974).

When a party files Objections to a Report and Recommendation, the Court reviews the objected-to portions of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). Moreover, as the Petitioner is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

The Petitioner does not object to the Magistrate Judge's findings of fact as to the basic chronology of this case, as set forth above, and the Court adopts those findings as accurate. Nor does the Petitioner object to the Magistrate Judge's findings that awarding credit for previous incarceration is a matter left to the discretion of the Bureau of Prisons, but that, upon an inmate's adequate exhaustion of remedies, the Court has the authority to review the Bureau's determinations.[2] *U.S. v. Wilson*, 503 U.S. 329, 225-26 (1992). Accordingly, the sole question to

---

[2]The caselaw does not clearly state the standard to be applied by the Court in reviewing the Bureau of Prison's award of credit. One could argue that if the matter is left to the Bureau of Prisons' discretion, the Court should review the decision to see if that discretion was abused.

be resolved is whether the juvenile detention experienced by the Petitioner constitutes a "sentence" as that term is used in § 3585(b).

Under California law, criminal conduct by juveniles is subject to the provisions of the Youth Authority law. CA Wel. & Inst. § 1700 et seq.  CA Wel. & Inst. § 1731.5(a)(1)-(2) provides that "a court may commit to the authority any person convicted of a public offense who" is under 21 years of age and is sentenced to imprisonment for a period of more than 90 days.  The Youth Authority, in turn, "shall accept a person committed to it pursuant to this article if it believes that the person can be materially benefitted by its reformatory and educational discipline." *Id.* at § 1731.5(b).  From these two passages, it is clear that a juvenile is first convicted and sentenced by the court, then, if appropriate, the juvenile is committed to the Youth Authority to serve that sentence.  Any doubt as to the connection between a criminal sentence and commitment to the Youth Authority is eliminated by § 1731.5(c), which provides that "In sentencing a [juvenile], the court may order that the person shall be transferred to the custody of the Youth Authority pursuant to this subdivision.  [If] the Youth Authority fails to accept custody of the person, the person shall be returned to court for resentencing."

From the foregoing, it is clear that commitment to the Youth Authority is simply an alternative to prison incarceration for juveniles subject to a criminal sentence of more than 90 days' imprisonment.  Although the Petitioner is correct that an order committing one to the Youth Authority is itself is not a "sentence," his fundamental position – that his time spent in the Youth

---

However, 18 U.S.C. § 3585 states that a defendant "shall" be afforded credit, suggesting that the Bureau of Prisons has little discretion to exercise, and that the Court can review a denial of credit as a matter of law.  Because the Court ultimately concludes that, as a matter of law, the Petitioner is not entitled to credit for his juvenile detention, it need not determine which standard governs the Court's review.

Authority was not a "sentence" – is incorrect. Under California law, commitment to the Youth Authority comes about as the result of having been criminally sentenced, and is a means of serving that sentence. *See e.g. Charry v. State of California*, 13 F.3d 1386, 1387 (9th Cir. 1994) (observing that juvenile "received the maximum sentence, i.e. five years for robbery . . . [and] was committed to the [Youth Authority]" and generally discussing "sentence" served by juvenile in Youth Authority custody).

The Petitioner's reliance on *In re Anthony R.* and *Leroy T* is based on a misunderstanding of California law. Both cases examine CA Wel. & Inst. § 203, which provides that "an order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." That statute refers to persons adjudged to be "ward[s] of the juvenile court," that is, where the juvenile court has determined that "removing the minor from the custody of his or her parents [is] necessary for his or her welfare or for the safety and protection of the public." CA Wel. & Inst. § 202(a). Although wards of the juvenile court may also find themselves committed to the Youth Authority, *see* CA Wel. & Inst. § 202(e)(5), there is a clear distinction between juveniles who have been committed to the Youth Authority as non-criminal "wards" of the state and juveniles who have been committed as a result of criminal convictions. The record is clear that the Petitioner falls into the latter category, having been convicted of crimes of arson and escape by the California Superior Court. Thus, CA Wel. & Inst. § 203 does not apply to the Petitioner.

Similarly, the Petitioner's argument that he was "committed as a juvenile, not sentenced as an adult," as the Youth Authority's letter states, is not availing. As discussed above, commitment to the Youth Authority is available only to juveniles. CA Wel. & Inst. § 1731(b) ("no court shall

have the power to order an adult . . . to be committed to the Youth Authority"). The Court understands how the Youth Authority's apparent juxtaposition of the terms "committed" and "sentenced" may have misled the Petitioner into believing that his detention in the Youth Authority was something other than a criminal sentence, but it is clear from both the contents of the letter and review of California law that the Petitioner's "commitment" to the Youth Authority was merely a means by which a criminal sentence was served.

Accordingly, because the Petitioner's incarceration in the Youth Authority was pursuant to a criminal sentence under California law, his time served in the Youth Authority was necessarily credited against that sentence, and is not subject to credit under 18 U.S.C. § 3585(b). The Petitioner's Objections to Magistrate Judge Shaffer's Recommendation are **OVERRULED**, and the Court **ADOPTS** the Recommendation for the reasons stated herein. The Petition is **DENIED**, and the Clerk of the Court is directed to close this case.

Dated this 30th day of June, 2006

                                             **BY THE COURT:**

                                             Marcia S. Krieger
                                             United States District Judge